IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLBY LORD<br>    *Plaintiff* | §<br>§<br>§ | Civil Action No. 4:24-cv-04041 |
| VS | §<br>§<br>§ | |
| VEVOR INC., VEVOR CORPORATION, VEVOR STORE INC., VEVOR TECHNOLOGY LTD., SANVEN CORPORATION, SANVEN TECHNOLOGY LTD., SHANGHAI SISHUN E-COMMERCE CO., LTD., SHANGHAI SISHUN MECHANICAL EQUIPMENT CO., LTD.<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JURY REQUESTED |

# PLAINTIFF'S COMPLAINT

Plaintiff, COLBY LORD ("Plaintiff"), files this Complaint, complaining of Defendants Vevor Inc., Vevor Corporation, Vevor Store Inc., Vevor Technology Ltd., Sanven Corporation, Sanven Technology Ltd., Shanghai Sishun E-Commerce Co., Ltd., and Defendant Shanghai Sishun Mechanical Equipment Co., Ltd., and would show:

### A. Demand for Jury Trial

1. Defendants assert rights under the Seventh Amendment to the United States Constitution and demands pursuant to Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## B. Parties

2. Plaintiff Colby Lord is a domiciliary and citizen of the State of Texas, residing in Huntsville, Texas, Walker County, Texas.

3. Upon information and belief, Defendant Vevor Corporation ("Vevor CA-1") is a California corporation with a place of business at 1172 Murphy Avenue, Ste. 237, San Jose, CA 95131, and has appointed Angel Acuna of Christopher Huang CPAs, Inc., 1172 Murphy Avenue, Ste. 237, San Jose, California 95131, as its registered agent for service of process. On information and belief, Vevor CA-1 also has a place of business at 2875 S. Reservoir St., Pomona CA 91766.

4. In Vevor CA-1's filings from October 2015, Rubao Jiao is identified as the Chief Executive Officer, Secretary, Chief Financial Officer, sole Director, and Incorporator for Vevor CA-1.

5. Upon information and belief, Vevor CA-1 has been suspended by the California Secretary of State.

6. Upon information and belief, Defendant Vevor Inc. ("Vevor CO") is a Colorado corporation with a place of business at 4255 South Buckley Road #1316, Aurora, CO 80013, and has appointed Jin Wang, 4255 South Buckley Road #1316, Aurora, CO 80013, as its registered agent for service of process.

7. Vevor Store Inc. ("Vevor CA-2") is a California for-profit corporation registered with the California Secretary of State, with a principal place of business at 9448 Richmond Place, Suite E, Rancho Cucamonga, CA 91730.

8. In Vevor CA-2's most recent Statement of Information filing from August 2022, Yanping Wang is identified as the Chief Executive Officer, Secretary, Chief

Financial Officer, sole Director, Incorporator, and agent for service of process for Vevor CA-2.

9. Vevor CA-2 was originally incorporated as Ssvevor LTD. Vevor CA-2 filed a Certificate of Amendment with the California Secretary of State on January 18, 2023 to change the entity's name from SSVEVOR LTD to Vevor Store Inc.

10. On information and belief, Vevor CA-2 sells Vevor products including the infringing products that are the subject of this lawsuit.

11. Sanven Corporation ("Sanven") is a California for-profit corporation registered on July 29, 2013 with the California Secretary of State, with a principal place of business at 9448 Richmond Place, Suite E, Rancho Cucamonga, CA 91730.

12. Sanven Tech's Articles of Incorporation indicate Fuyu Jiao as the sole Director and Agent of Sanven Tech.

13. The November 16, 2022, Statement of Information for Sanven Tech, signed by Fuyu Jiao, changed the address for Sanven Tech from 912 Cypress Avenue, Unit 505, Los Angeles, CA 90065 to 9448 Richmond Place, Suite E, Rancho Cucamonga, CA 91730.

14. Upon information and belief, Sanven Tech is involved in the distribution of the product that is the subject of this lawsuit.

15. Shanghai Sishun E-commerce Co., Ltd. ("SSE") is a Chinese company located at Rm. J1016, Bldg 5, No. 3131, Jinshajiang Rd., Zhenxin St., Jiading Dist., Shanghai, China 201824, with Rubao Jiao as its Executive Director and Legal Representative.

16. As described below, SSE is involved in the marketing and sale of the product that is the subject of this lawsuit.

17. Upon information and belief, Defendant Shanghai SiShun Mechanical Equipment Co., Ltd ("SSME") is a Chinese company having a place of business at Rm. 201, Bldg. 3, No. 3131, Jinshajiang Road, Jiading District, Shanghai, China, 200000 with Rubao Jiao as its legal representative. Upon information and belief, SSME has a distribution warehouse located at 1900 Proforma Avenue, Ste. E, Ontario, CA 91761.

### C. Jurisdiction

18. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Plaintiff and Defendants and the amount in controversy is greater than $75,000, excluding interest and costs.

19. This Court has general jurisdiction over the Defendants because Defendants do substantial business within and have continuous and systematic" contacts with the State of Texas. This Court also has specific jurisdiction over the Defendants because: (1) they have formed minimum contacts with the State of Texas by purposely directing its activities toward Texas by purposefully availing themselves of the privileges of doing business in Texas; (2) the causes of action alleged herein arise out of or result from the Defendants' forum-related contacts; and (3) the exercise of personal jurisdiction over Defendants would be fair and reasonable.

### D. Venue

20. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas. The harness was sold to Plaintiff in the Southern District of Texas and his injury occurred there.

### E. Facts

21. Plaintiff owned a tree trimming business and desired to purchase a safety harness to safely ascend and descend trees during his business operations. On October 5, 3023, Plaintiff purchased a safety harness from Amazon. The harness purchased was a VEVOR Half Body Safety Harness, listed as "VEVOR Half Body Safety Harness, Tree Climbing Harness with Added Padding on Waist and Leg, Half Protection Harness 340 lbs, ASTM F1772-17 Certification, for Fire Rescuing Caving Rock Climbing."

22. On August 8, 2023, while ascending a tree at a client's residence, the harness's stitching failed, resulting in the loss of the harness's ability to secure Plaintiff's body. The failure of the harness's stitching caused Plaintiff to fall from the tree to the ground, resulting in serious and lasting injuries.

### F. Causes Of Action

#### 1. Strict Liability

23. Plaintiffs will show that Defendants designed, manufactured, marketed, distributed, and originally sold the harness.

24. At the time the harness in question was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, the harness in question was defective in its design, marketing, and manufacture. These defects rendered the harness unreasonably dangerous and they caused injury to Plaintiff. Defendants are therefore strictly liable for Plaintiff's injuries and damages.

#### 2. Negligence

25. Defendants' negligence was a proximate cause of the incident made the basis of this suit, and the Plaintiff's injuries and damages. The negligent acts included, but are not limited to, the following acts or omissions:

a. Negligently designing and/or manufacturing the harness in question;

b. Failing to disclose and/or warn of problems and defects concerning the defective design and/or manufacture of the harness in question which were known, or should have been known;

c. Negligently marketing the harness in question;

d. Failing to design the harness in question to prevent its failure; and,

e. Misrepresenting the quality of the harness in question.

26. At all times relevant to the complaint, Defendants were " merchants" in the business of supplying "goods."

### 3. Breach of Warranties

27. The harness in question was a "good" and/or "product" sold for consumer usage. Defendants were merchants who sold the harness to Plaintiff breached the warranties of merchantability and fitness for a particular purpose in that the harness in question was not fit for ordinary use or for the intended use for which it was purchased.

28. Plaintiff has notified Defendants of the breach of these warranties.

29. These breaches of the warranties of merchantability and fitness for a particular purpose were a proximate cause of the incident made the basis of this suit, and Plaintiff's injuries and damages.

30. Applicable safety standards issued by the Federal Government or any other agency or group, if any, were inadequate to protect the public from unreasonable risks of injury or damage and Defendants withheld or misrepresented information materially relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations set at issue in this action.

## G. Damages

31. Defendants' product, acts and omissions proximately caused Plaintiff the following damages:

   a. Past and future medical expenses;

   b. Past and future physical pain, suffering, and mental anguish;

   c. Past and future physical impairment;

   d. Past and future physical disfigurement; and

   e. Past and future loss of earnings and loss of earning capacity.

## H. Preservation of Evidence

32. Plaintiff hereby requests and demands that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the product and the sale of the product in question, including but not limited to videos, photographs, audiotapes, recordings, correspondence, memoranda, files, facsimiles, email, voicemail, text messages, or cellular phone records. Failure to maintain such items will constitute "spoliation" of the evidence may subject Defendants to sanctions, and the Court will provide the jury an instruction thereon at the trial of this case.

## I. Prayer

33. Plaintiff Colby Lord asks the Court to issue citations commanding Defendants to appear and answer, and, after trial, award judgment against Defendants for actual damages; pre-judgment and post-judgment interest; costs of court; and any further relief to which Plaintiff may justly be entitled.

Respectfully submitted,

**SORRELS LAW**

*/s/ Randall O. Sorrels*
Randall O. Sorrels
Texas Bar No. 10000000
Federal Bar No. 11115
5300 Memorial Drive, Suite 270
Houston, Texas 77007
Telephone: (713) 496-1100
Facsimile: (713) 238-9500
randy@sorrelslaw.com
**E-service: eservice@sorrelslaw.com**

**ATTORNEY FOR PLAINTIFF**