IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

COLBY LORD,                                      §
    *Plaintiff,*                                §
                                                 §
v.                                               §
                                                 §          Civil Action No. 4:24-cv-04041
VEVOR INC., VEVOR                                §
CORPORATION, VEVOR STORE                         §          JURY REQUESTED
INC., VEVOR TECHNOLOGY LTD.,                     §
SANVEN CORPORATION,                              §
SANVEN TECHNOLOGY LTD.,                          §
SHANGHAI SISHUN ECOMMERCE                        §
CO., LTD., and SHANGHAI SISHUN                   §
MECHANICAL EQUIPMENT CO.,                        §
LTD.,                                            §
    *Defendants.*                               §

## U.S.-BASED DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

The U.S.-based Defendants, Vevor Corporation, Vevor Store LLC (incorrectly named as Vevor Store Inc.), Vevor Technology Ltd., Sanven Corporation, and Sanven Technology Ltd. (collectively, "***Defendants***"), file their Answer to Plaintiff's Complaint as follows:

### Demand for Jury Trial

1.      No response is required to Plaintiff's demand for a jury trial.

### Parties

2.      Defendants lack information sufficient to admit or deny the allegations in paragraph 2.  Therefore, Defendants deny paragraph 2.

**U.S.-BASED DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT – PAGE 1**

3.      Defendants admit that Vevor Corporation was a California corporation.  It has been dissolved.  Defendants otherwise deny the material allegations in paragraph 3.

4.      Defendants admit that Vevor Corporation's Statement of Information filed in the Office of the Secretary of State of the State of California on or about October 19, 2015, identified Rubao Jiao as its Chief Executive Officer, Secretary, Chief Financial Officer, and Director.  Defendants otherwise deny paragraph 4.

5.      Defendants admit that Vevor Corporation was suspended by the California Franchise Tax Board.  Defendants otherwise deny paragraph 5.

6.      Defendants lack information sufficient to admit or deny the allegations in paragraph 6.  Therefore, Defendants deny paragraph 6.

7.      Defendants deny paragraph 7.  Vevor Store Inc. was converted to Vevor Store LLC pursuant to that certain Articles of Organization – Conversion filed in the Office of the State of California Secretary of State on or about October 28, 2024.

8.      Defendants deny paragraph 8.  Vevor Store LLC's most recent Statement of Information was filed in the Office of the State of California Secretary of State on or about October 10, 2024, and does not identify Yanping Wang in all of the capacities stated in paragraph 8.

9.      Defendants admit that SSVEVOR LTD.'s name was changed to Vevor Store Inc. pursuant to that certain Certificate of Amendment of Articles of Incorporation Name

Change Only -Stock filed in the Office of the State of California Secretary of State on or about January 18, 2023. Defendants otherwise deny the allegation in paragraph 9.

10.    Defendants deny that any infringing products are the subject of this lawsuit and otherwise deny the allegations in paragraph 10.

11.    Defendants admit that Sanven Corporation is a for-profit corporation established under the laws of the State of California pursuant to that certain Articles of Incorporation filed in the Office of the State of California Secretary of State on or about July 29, 2013. Defendants otherwise deny the allegations in paragraph 11.

12.    Defendants can neither admit nor deny the allegations in paragraph 12 because "Sanven Tech" is not identified in the Complaint. To the extent this is a reference to Sanven Corporation, Defendants deny the allegations in paragraph 12.

13.    Defendants can neither admit nor deny the allegations in paragraph 13 because "Sanven Tech" is not identified in the Complaint. To the extent this is a reference to Sanven Corporation, Defendants deny the allegations in paragraph 13.

14.    Defendants can neither admit nor deny the allegations in paragraph 14 because "Sanven Tech" is not identified in the Complaint. To the extent this is a reference to Sanven Corporation, Defendants deny the allegations in paragraph 14.

15.    Defendants lack information sufficient to admit or deny the allegations in paragraph 15. Therefore, Defendants deny paragraph 15.

16.     Defendants lack information sufficient to admit or deny the allegations in paragraph 16.  Therefore, Defendants deny paragraph 16.

17.     Defendants lack information sufficient to admit or deny the allegations in paragraph 17.  Therefore, Defendants deny paragraph 17.

### Jurisdiction

18.     Defendants admit that the allegations in the Complaint support diversity jurisdiction under 28 U.S.C. §1332.

19.     Defendants deny the allegations in paragraph 19.

### Venue

20.     Defendants admit that Plaintiff alleges that the harness at issue was sold to Plaintiff in the Southern District of Texas and that his injury occurred in this district. Defendants deny that they committed any tortious conduct in this district or anywhere else, however.   Defendants deny the remaining allegations in paragraph 20.

### Facts

21.     Defendants lack information sufficient to admit or deny the allegations in paragraph 21.  Therefore, Defendants deny paragraph 21.

22.     Defendants lack information sufficient to admit or deny the allegations in paragraph 22.  Therefore, Defendants deny paragraph 22.

**Causes of Action**

**1.      Strict Liability**

> 23.      Defendants deny the allegations in paragraph 23.

> 24.      Defendants deny the allegations in paragraph 24.

**2.      Negligence**

> 25.      Defendants deny the allegations in paragraph 25.

> 26.      Defendants deny the allegations in paragraph 26.

**3.      Breach of Warranty**

> 27.      Defendants deny the allegations in paragraph 27.

> 28.      Defendants admit that Plaintiff notified Defendants of alleged breaches of warranties, but deny that Defendants breached any warranties and otherwise deny the allegations in paragraph 28.

> 29.      Defendants deny the allegations in paragraph 29.

> 30.      Defendants deny the allegations in paragraph 30.

**Damages**

> 31.      Defendants deny the allegations in paragraph 31.

**Preservation of Evidence**

> 32.      No response is required to paragraph 32.

**Prayer**

33.    No response is required to Plaintiff's prayer, but Defendants nevertheless deny that Plaintiff is entitled to any of the relief sought.

**AFFIRMATIVE DEFENSES**

Defendants' affirmative defenses are listed below.  Defendants reserve the right to amend their Answer to add additional affirmative defenses consistent with the facts discovered in this case.

1.    Plaintiff has failed to state a valid claim against Defendants.

2.    Upon information and belief, the product at issue was altered or modified after it left its manufacturer's control, and such alteration or modification caused or contributed to Plaintiff's injuries.

3.    The product at issue was not the cause of Plaintiff's injuries.

4.    Plaintiff caused or contributed to his own injuries.  In particular, he did not use the product at issue correctly or in accordance with its instructions.

5.    Plaintiff's claims are barred, in whole or in part, by his assumption of the risk.  Based on the allegations in the Complaint, he is a sophisticated user and used or misused the product at issue in a dangerous manner.

6.    Plaintiff's breach of warranty claim fails due to lack of privity.

**PRAYER**

WHEREFORE, Defendants respectfully request that Plaintiff take nothing by way

of his claims, and that the Court award Defendants their costs, expenses, attorney fees, and such other and further relief as the Court may find just and proper.

Dated: February 3, 2025.

Respectfully submitted,

/s/ Brian Vanderwoude
J. Brian Vanderwoude, Attorney-in-Charge
Texas Bar No. 24047558
**DORSEY & WHITNEY LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile
vanderwoude.brian@dorsey.com

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Brian Vanderwoude
J. Brian Vanderwoude