IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLBY LORD | § | |
|     *Plaintiff* | § | Civil Action No. 4:24-cv-04041 |
| | § | |
| VS | § | |
| | § | |
| VEVOR CORPORATION, VEVOR STORE INC., VEVOR TECHNOLOGY LTD., SANVEN CORPORATION, SANVEN TECHNOLOGY LTD., SHANGHAI SISHUN E-COMMERCE CO., LTD., SHANGHAI SISHUN MECHANICAL EQUIPMENT CO., LTD. ., SHANDONG ROPE TECHNOLOGY CO., LTD., A&E DONGMEI THREAD MFG. CO. LTD. AND AMERICAN & EFIRD | § § § § § § § § § § § | <u>JURY REQUESTED</u> |
|     *Defendants* | | |

## **P**LAINTIFF'S **F**IRST **A**MENDED **C**OMPLAINT

Plaintiff, COLBY LORD ("Plaintiff"), files this First Amended Complaint, complaining of Defendant's Vevor Corporation, Vevor Store Inc., Vevor Technology Ltd., Sanven Corporation, Sanven Technology Ltd., Shanghai Sishun E-Commerce Co., Ltd., Shanghai Sishun Mechanical Equipment Co., Ltd., Shandong Rope Technology Co., Ltd., A&E Dongmei Thread Mfg. Co. Ltd. and American & Efird and would respectfully show the following:

1

### A. Demand for Jury Trial

1. Defendants assert rights under the Seventh Amendment to the United States Constitution and demands pursuant to Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### B. Parties

2. Plaintiff Colby Lord is a domiciliary and citizen of the State of Texas, residing in Huntsville, Texas, Walker County, Texas.

3. Upon information and belief, Defendant Vevor Corporation is a California corporation which, as of the filing of Plaintiff's Complaint, had a place of business at 1172 Murphy Avenue, Ste. 237, San Jose, CA 95131.

4. Vevor Store LLC, incorrectly originally named as Vevor Store, Inc., has answered and appeared herein.

5. Sanven Corporation has answered and appeared herein.

6. Sanven Technology Ltd. has answered and appeared herein.

7. Shanghai Sishun E-commerce Co., Ltd. has answered and appeared herein.

8. Defendant Shanghai Sishun Mechanical Equipment Co., Ltd has answered and appeared herein.

9. Defendant Shandong Rope Technology Co., Ltd., is a Chinese, foreign, for-profit corporation which upon information and belief manufactured the harness for Shandong Rope. Defendant may be served through the Hague Convention, at it's business address: No.67, Leigushi Street, Taian, Shandong, China or wherever it may be found. *The issuance of citation and service of process on this Defendant is requested at this time.*

10. Defendant A&E Dongmei Thread Mfg. Co. Ltd., is a Chinese, foreign, for-profit corporation which upon information and belief designed and/or manufactured the thread used in construction of the harness. Defendant may be served through the Hague Convention, at it's business address: Nange Industrial Village, Daojiao Town, Dongguan, Guangdong Province 523172 or wherever it may be found. *The issuance of citation and service of process on this Defendant is requested at this time.*

11. Defendant American & Efird Global, LLC, formerly known as American & Efird, Inc. is North Carolina Limited Liability Company. Defendant American & Efird Global, LLC belief designed and/or manufactured the thread used in construction of the harness. Defendant may be served through its registered agent CT Corporation System, 160 Mine Lake Ct., Suite 200, Raleigh, North Carolina 27615. *The issuance of citation and service of process on this Defendant is requested at this time.*

### C.    Jurisdiction

12. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Plaintiff and Defendants and the amount in controversy is greater than $75,000, excluding interest and costs.

13. This Court has general jurisdiction over the Defendants because Defendants do substantial business within and have continuous and systematic" contacts with the State of Texas. This Court also has specific jurisdiction over the Defendants because: (1) they have formed minimum contacts with the State of Texas by purposely directing its activities toward Texas by purposefully availing themselves of the privileges of doing business in Texas; (2) the causes of action alleged herein arise out

of or result from the Defendants' forum-related contacts; and (3) the exercise of personal jurisdiction over Defendants would be fair and reasonable.

### D.   Venue

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas. The harness was sold to Plaintiff in the Southern District of Texas and his injury occurred there.

### E.   Facts

15. Plaintiff owned a tree trimming business and desired to purchase a safety harness to safely ascend and descend trees during his business operations. On October 5, 3023, Plaintiff purchased a safety harness from Amazon. The harness purchased was a VEVOR Half Body Safety Harness, listed as "VEVOR Half Body Safety Harness, Tree Climbing Harness with Added Padding on Waist and Leg, Half Protection Harness 340 lbs, ASTM F1772-17 Certification, for Fire Rescuing Caving Rock Climbing."

16. On August 8, 2023, while ascending a tree at a client's residence, the harness's stitching failed, resulting in the loss of the harness's ability to secure Plaintiff's body. The failure of the harness's stitching caused Plaintiff to fall from the tree to the ground, resulting in serious and lasting injuries.

### F.   Causes Of Action

**1. Strict Liability**

17. Plaintiffs will show that Defendant Shandong Rope Technology Co., Ltd manufactured and/or designed the harness in question.

18. Plaintiff will show Defendants American & Efird Global, LLC and A&E Dongmei Thread Mfg. Co. Ltd., manufactured the thread used in the harness and such thread had manufacturing flaws.

19. Plaintiff will show Defendants Vevor Corporation, Vevor Store LLC, Sanven Corporation, Sanven Technology Ltd., Shanghai Sishun E-commerce Co., Ltd., and Shanghai Sishun Mechanical Equipment Co., Ltd marketed and/or distributed the harness in question.

20. At the time the harness in question the above named Defendants designed and/or manufactured and/or marketed and/or distributed and/or originally sold the harness in question. The harness in question and its threading and stitching were defective in its design, marketing, and manufacture. These defects rendered the harness unreasonably dangerous and were a producing and/or proximate cause of the incident and resulting damages to the Plaintiff. Defendants are therefore strictly liable for Plaintiff's injuries and damages.

## 2. Negligence

21. Defendants' negligence was a proximate cause of the incident made the basis of this suit, and the Plaintiff's injuries and damages. The negligent acts included, but are not limited to, the following acts or omissions:

   a. Negligently designing and/or manufacturing the harness in question;
   b. Failing to disclose and/or warn of problems and defects concerning the defective design and/or manufacture of the harness in question which were known, or should have been known;
   c. Negligently marketing the harness in question;
   d. Failing to design the harness in question to prevent its failure; and,

  e. Misrepresenting the quality of the harness in question.

22. At all times relevant to the complaint, Defendants were " merchants" in the business of supplying "goods."

### 3. Breach of Warranties

23. The harness in question was a "good" and/or "product" sold for consumer usage. Defendants were merchants who sold the harness to Plaintiff breached the warranties of merchantability and fitness for a particular purpose in that the harness in question was not fit for ordinary use or for the intended use for which it was purchased.

24. Plaintiff has notified Defendants of the breach of these warranties.

25. These breaches of the warranties of merchantability and fitness for a particular purpose were a proximate cause of the incident made the basis of this suit, and Plaintiff's injuries and damages.

26. Applicable safety standards issued by the Federal Government or any other agency or group, if any, were inadequate to protect the public from unreasonable risks of injury or damage and Defendants withheld or misrepresented information materially relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations set at issue in this action.

### G. Damages

27. Defendants' product, acts and omissions proximately caused Plaintiff the following damages:

  a. Past and future medical expenses;

  b. Past and future physical pain, suffering, and mental anguish;

    c.       Past and future physical impairment;

    d.       Past and future physical disfigurement; and

    e.       Past and future loss of earnings and loss of earning capacity.

### H.    Preservation of Evidence

28. Plaintiff hereby requests and demands that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the product and the sale of the product in question, including but not limited to videos, photographs, audiotapes, recordings, correspondence, memoranda, files, facsimiles, email, voicemail, text messages, or cellular phone records. Failure to maintain such items will constitute "spoliation" of the evidence may subject Defendants to sanctions, and the Court will provide the jury an instruction thereon at the trial of this case.

### I.    Prayer

29. Plaintiff Colby Lord asks the Court to issue citations commanding Defendants to appear and answer, and, after trial, award judgment against Defendants for actual damages; pre-judgment and post-judgment interest; costs of court; and any further relief to which Plaintiff may justly be entitled.

Respectfully submitted,

*/s/ Samuel R. Palermo*
Randall O. Sorrels
*Attorney-in-charge*
Federal ID No. 11115
State Bar No. 1000000
Samuel R. Palermo
Federal ID No. 1321

>State Bar No. 15423600
>SORRELS LAW
>230 Westcott, Suite 100
>Houston, Texas 77007
>Phone: (713) 496-1100
>Facsimile: (713) 751-2394
>randy@sorrelslaw.com
>sam@sorrelslaw.com
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on May 28, 2025, the foregoing was served on all parties through the Court's CM/ECF electronic case filing system.

>*/s/ Samuel R. Palermo*
>Samuel R. Palermo