## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **COLBY LORD** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **VEVOR CORPORATION, VEVOR** | § | |
| **STORE INC., VEVOR TECNHOLOGY** | § | |
| **LTD., SANVEN CORPORATION,** | § | **CIVIL ACTION NO. 4:24-cv-04041** |
| **SANVEN TECHNOLOGY LTD.,** | § | |
| **SHANGHAI SISHUN E-COMMERCE** | § | |
| **CO., LTD., SHANDONG ROPE** | § | |
| **TECHNOLOGY CO., LTD., A&E** | § | |
| **DONGMEI THREAD MFG. CO. LTD.** | § | |
| **AND AMERICAN & EFIRD,** | § | |
| *Defendants.* | § | |

## DEFENDANT A&E DONGMEI THREAD MFG. CO. LTD.
## ORIGINAL ANSWER TO PLAINTIFF'S THIRD AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW A&E Dongmei Thread Mfg. Co. Ltd. ("Defendant"), and files Defendant's Original Answer to Plaintiff's Third Amended Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Subject to such stipulations and admissions as may hereafter be made, Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Plaintiff be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

(11803.00007)

## II.
## JURY DEMAND

In accordance with Texas Rule of Civil Procedure 216, Defendant demands a trial by jury.

## III.
## AFFIRMATIVE DEFENSES

**1.      Misuse**

Further answering Plaintiff's Petition, Defendant alleges that the injuries and damages alleged to have been sustained by Plaintiff, if any, were not caused by any defect in the product, but by Plaintiff's use of the product for a purpose other than that for which it was intended and in a manner other than that in which it was intended to be used.  Plaintiff knew, or in the exercise of ordinary care should have known, that such use of the product was an improper use and likely to create a danger of injury to Plaintiff.

**2.      Plaintiff's Own Negligence**

Further, the incident complained of in Plaintiff's Third Amended Petition was caused by the negligence and carelessness on the part of the Plaintiff, and this was the sole cause or at least a proximate cause of the incident made the basis of this lawsuit.

**3.      Acts and/or Omissions of Parties Not Under Defendant's Control**

Defendant pleads that the acts or omissions of other persons or entities over whom this Defendant had no control were the sole and/or proximate cause of the alleged occurrence made the basis of this suit.

**4.      Mitigation and Limitations on Medical Expenses**

Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code, Defendant would show that the recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.  Furthermore, Defendant would show that at the trial

of the above-styled cause, Plaintiff may only offer and/or present evidence to the trier of fact related to the medical or healthcare expenses actually paid or incurred, excluding any offsets or adjustments allowed by her medical or healthcare providers.  *See Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011).

Defendant further affirmatively pleads that, pursuant to the Patient Protection and Affordable Care Act ("ACA") and common-law, Plaintiff has a duty to mitigate the amount of future damages for medical care by purchasing a health insurance policy in accordance with the Individual Mandate prescribed in 26 U.S.C. § 5003A *et. seq.*  Further, Defendant's potential liability for future medical care should be limited to the amounts not covered under the ACA for co-pays and deductibles.  In the alternative, if Plaintiff has purchased a health insurance policy pursuant to the Individual Mandate, Plaintiff's future medical expenses are limited to the amount the ACA will actually pay for medical expenses and not the full retail cost of future medical care.

**5.      Loss of Earnings/Earning Capacity**

Defendant further affirmatively pleads that, pursuant to §18.091 of the Texas Civil Practice and Remedies Code, if Plaintiff is seeking recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, any evidence to prove the alleged loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

**6.      Modification and Alteration.**

Defendant pleads that to the extent the product underwent modifications or alterations of any nature, where it be by the Plaintiff or another Defendant, following its release from this Defendant's custody and/or control, any alleged acts and/or omissions were outside the control of this Defendant.

7.    **Bulk Supplier Doctrine**

Defendant invokes the Bulk Supplier Doctrine which provides that suppliers of raw materials such as this Defendant are not liable for injuries caused by finished products whereby the intermediary is in a better position to provide warnings to the end users such as Plaintiff, given its direct relationship with them and its control over the product's final form and distribution. *See Humble Sand & Gravel, Inc. v. Gomez,* 146 S.W.3d 170, 185–86 (Tex.2004).

8.    **Learned Intermediary Doctrine**

Defendant invokes the  Learn Intermediary Doctrine which provides that manufacturers or suppliers fulfill its duty to warn end users of a product's dangers by providing adequate warnings to an intermediary who, in turn, is expected to pass on the warnings to the ultimate user such as Plaintiff. *See Seifried v. Hygenic Corp.*, 410 S.W.3d 427 (Tex. App. 2013).

**IV.**
**193.7 NOTICE**

Pursuant to Texas Rule of Civil Procedure 193.7, Defendant gives actual notice to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

**V.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, A&E Dongmei Thread Mfg. Co. Ltd., Defendant in this lawsuit, prays that Plaintiff take nothing by this lawsuit, that Defendant goes hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show to be justly entitled.

Respectfully Submitted,

**MAYER** LLP

2900 North Loop West, Suite 500
Houston, Texas 77092
713.868.5560 / Fax 713.864.4671

By:  _____

Zach T. Mayer
State Bar No. 24013118
zmayer@mayerllp.com
Beau Krueger
State Bar No. 24142218
bkrueger@mayerllp.com

ATTORNEYS FOR DEFENDANTS
A&E DONGMEI THREAD MFG. CO. LTD. AND
AMERICAN & EFIRD GLOBAL, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served to all counsel of record pursuant to the Texas Rules of Civil Procedure on the 21st day of July, 2025:

*Via Eservice*
Randall O. Sorrels
Samuel R. Palermo
Sorrels Law
230 Westcott , Suite 100
Houston, Texas 77007

_____
Beau Krueger