IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COLBY LORD,<br><br>Plaintiff,<br><br>v.<br><br>VEVOR CORPORATION, VEVOR STORE LLC, VEVOR TECHNOLOGY LTD., SANVEN CORPORATION, SANVEN TECHNOLOGY LTD., SHANGHAI SISHUN E-COMMERCE CO., LTD., SHANDONG ROPE TECHNOLOGY CO., LTD., A&E DONGMEI THREAD MFG. CO. LTD., AMERICAN & EFIRD, AMAZON.COM SERVICES LLC, and AMAZON.COM, INC,<br><br>Defendant. | Civil Action No. 4:24-cv-04041 |

**DEFENDANTS AMAZON.COM SERVICES LLC and AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

Defendants Amazon.com Services LLC and Amazon.com, Inc. ("Amazon") answer Plaintiff's Fifth Amended Complaint [ECF No. 65] ("Complaint") as follows, in paragraphs numbered to correspond to the paragraph numbers in said Complaint. Except as specifically admitted, qualified, or otherwise answered, Amazon denies every allegation in the Complaint.

**Demand for Jury Trial[1]**

1.      The Demand for a Jury Trial is not an allegation and therefore does not require a response from Amazon. To the extent the Demand for Jury Trial can be construed as an allegation

---

[1] Titles or headings contained in Plaintiff's Complaint are reproduced in this Answer for organizational purposes only. Amazon does not admit any matter contained therein.

against Amazon, Amazon denies the allegation.

## Parties

2.      Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies them.

3.      Amazon admits that Defendant Vevor Corporation has answered and appeared herein.

4.      Amazon admits that Defendant Vevor Store LLC has answered and appeared herein.

5.      Amazon admits that Defendant Vevor Technology Ltd. has answered and appeared herein.

6.      Amazon admits that Defendant Sanven Corporation has answered and appeared herein.

7.      Amazon admits that Defendant Sanven Technology Ltd. has answered and appeared herein.

8.      Amazon admits that Defendant Shanghai Sishun E-commerce Co., Ltd. has answered and appeared herein.

9.      Amazon admits that Defendant Shandong Rope Technology Co., Ltd. has answered and appeared herein.

10.      Amazon admits that Defendant A&E Dongmei Thread Mfg. Co. Ltd. has answered and appeared herein.

11.      Amazon admits that Defendant American & Efird has answered and appeared herein.

4932-3216-2461v.6

12.    Amazon admits that Amazon.com Services LLC has answered and appeared herein. Amazon denies that it is liable to Plaintiff under any theory of liability.

13.    Amazon admits that Amazon.com, Inc. has answered and appeared herein. Amazon denies that it is liable to Plaintiff under any theory of liability.

14.    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies them.

15.    Paragraph 15 of Plaintiff's Complaint does not include any allegations and therefore does not require a response. To the extent a response is required, Amazon admits only that the convention adopted by Plaintiff to refer to Amazon.com Services LLC and Amazon.com, Inc. in the Complaint is "Amazon."

**Jurisdiction and Venue**

14.    Amazon admits only that the United States District Court for the Southern District of Texas has jurisdiction over this case. Amazon otherwise denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.[2]

15.    Responding for itself, Amazon admits only that the United States District Court for the Southern District of Texas has jurisdiction over this case. Amazon otherwise denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    Amazon admits only that the United States District Court for the Southern District of Texas is the proper venue for this case. Amazon otherwise denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

---

[2] Plaintiff's Complaint contains multiple paragraph-numbering errors, including the repetition of paragraphs numbered 14, 15, 30, 31, 32, and 33. As a result, the numbering does not proceed sequentially. For clarity and ease of reference, Amazon responds using the paragraph numbering as it appears in the Complaint.

- 3 -

**Facts**

17.     Amazon admits only that on October 5, 2023, an Amazon account belonging to "Laura Winfrey" was used to purchase a "VEVOR Half Body Safety Harness" sold by Amazon on Amazon.com in new condition via Order No. 112-2416515-3736261. Amazon further admits that the product purchased via Order No. 112-2416515-3736261 was described as a "VEVOR Half Body Safety Harness, Tree Climbing Harness with Added Padding on Waist and Leg, Half Protection Harness 340 lbs, ASTM F1772-17 Certification, for Fire Rescuing Caving Rock Climbing." Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies them.

18.     Amazon admits only that Paragraph 18 of Plaintiff's Complaint includes an undated and incomplete excerpt from an unidentified webpage. Amazon denies the remaining allegations contained in Paragraph 18.

19.     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's use of the product at issue and therefore denies them. Amazon denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies them.

21.     Paragraph 21 of Plaintiff's Complaint contains characterizations and legal conclusions to which no response is required. To the extent a response is required, Amazon denies the allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are not directed at Amazon. Thus, no response is required. To the extent a response is required, Amazon lacks

4932-3216-2461v.6

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies them.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint, including subparts (a)-(e) are not directed at Amazon. Thus, no response is required. To the extent a response is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies them.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint are not directed at Amazon. Thus, no response is required. To the extent a response is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies them.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are not directed at Amazon. Thus, no response is required. To the extent a response is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies them.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are not directed at Amazon. Thus, no response is required. To the extent a response is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies them.

27.     Amazon admits that it sold the product purchased via Order No. 112-2416515-3736261 and facilitated shipment to the buyer. Amazon denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint, including any implication or conclusion of law asserted therein. Amazon contends that it has no liability to Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code § 82.003 as it did not manufacture the product.

4932-3216-2461v.6

28.     Amazon admits only that it sold the Vevor product purchased via Order No. 112-2416515-3736261 and that the product page speaks for itself. The remaining allegations contained in Paragraph 28 of Plaintiff's Complaint are legal conclusions, to which no answer is required. To the extent a response is required, Amazon denies the allegations.

29.     Amazon admits that the product purchased via Order No. 112-2416515-3736261 was described as a "VEVOR Half Body Safety Harness, Tree Climbing Harness with Added Padding on Waist and Leg, Half Protection Harness 340 lbs, ASTM F1772-17 Certification, for Fire Rescuing Caving Rock Climbing." Amazon denies any remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Amazon denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Amazon admits only that its supplier policies speak for themselves. Amazon denies that they have any bearing on this product liability case.  Amazon denies any remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Amazon denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Amazon denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

### E.    Causes of Action

#### 1.    Strict Liability

34.     Amazon admits only that it sold the Vevor product purchased via Order No. 112-2416515-3736261. Amazon denies the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint to the extent directed at it. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 insofar as they are directed at others and therefore denies them.

4932-3216-2461v.6

**2**.    **Negligence**

35.    Amazon denies the allegations contained in Paragraph 35 of Plaintiff's Complaint, including subparts (a)-(c), insofar as they are directed at Amazon. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they are directed at others and therefore denies them.

**3.**    **Negligent undertaking**

30.    Amazon denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    Amazon denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

**4**.    **Breach of warranties**

31.    Amazon admits only that it sold the Vevor product purchased via Order No. 112-2416515-3736261. Amazon denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.    Amazon denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## Damages

33.    Amazon denies the allegations contained in Paragraph 33 of Plaintiff's Complaint and further denies that it is liable to Plaintiff under any theory of liability.

## Prayer

The unnumbered "Prayer" is not an allegation and therefore does not require a response from Amazon. To the extent the Demand for Jury Trial can be construed as an allegation against Amazon, Amazon denies the allegation.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without admitting any of the allegations contained in Plaintiff's Fifth Amended Complaint and without admitting or

4932-3216-2461v.6

acknowledging that Amazon bears any burden of proof as to any of them, Amazon asserts the following affirmative defenses listed below. Amazon intends to rely upon all defenses that become available or apparent during pretrial proceedings and/or discovery in this action, and Amazon hereby reserves the right to amend this answer to assert any such further defenses:

### FIRST DEFENSE

Amazon contends that it has no liability to the plaintiff pursuant to Tex. Civ. Prac. & Rem. Code section 82.003 as it did not manufacture the product.

### SECOND DEFENSE

Plaintiff's claims against Amazon are barred completely by, or his recovery, if any, must be reduced in proportion to, the fault attributable to such other parties or third parties as are found liable.

### THIRD DEFENSE

Plaintiff's injuries or damages, if any, were caused in whole or in part by the acts or omissions of other persons over whom Amazon had no supervision or control, including potential third parties not made party to this lawsuit, those acts or omissions being the sole proximate cause or an intervening or superseding cause of any injuries or damages Plaintiff sustained.

### FOURTH DEFENSE

Any amount that Plaintiff claims as compensatory damages, if the claims are not entirely barred, must be reduced proportionately by the fault of Plaintiff and the fault of all others who caused or contributed to cause the harm. Amazon is entitled to have its liability to Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of Chapter 33 of the Texas Civil Practice & Remedies Code. Judgment must be entered on the basis of Amazon's fault, if any, taking into account the percentage of fault attributable to all other

- 8 -

persons, whether or not a party hereto, including, specifically, but not limited to, Plaintiff and/or the manufacturer of the product at issue.

## FIFTH DEFENSE

Plaintiff's recovery may be barred or subject to reduction due to the comparative fault or contributory negligence of Plaintiff.

## SIXTH DEFENSE

Plaintiff's alleged loss, damage, injury, harm, or expense may have been caused in whole or in part by Plaintiff's failure to exercise reasonable care and to mitigate damages.

## SEVENTH DEFENSE

All or some of Plaintiff's claims may be barred by the doctrine of laches, waiver, and estoppel.

## EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations or repose.

## NINTH DEFENSE

Plaintiff's claims may be precluded by res judicata and/or collateral estoppel.

## TENTH DEFENSE

If Amazon owed Plaintiff a duty of care, Amazon did not breach that duty.

## ELEVENTH DEFENSE

Plaintiff may have received compensation from alternate sources and his recovery, if any, must be reduced accordingly.

## TWELFTH DEFENSE

Plaintiff's alleged injuries and expenses may have been caused by a modification or

- 9 -

4932-3216-2461v.6

alteration of the product, and any such modification or alteration was not reasonably expected by Amazon.

### THIRTEENTH DEFENSE

No act or omission on the part of Amazon either caused or contributed to the injuries or damages Plaintiffs may have sustained.

### FOURTEENTH DEFENSE

Upon information and belief, Plaintiff and/or other persons or entities were aware of, or should have been aware of, the proper, safe and intended use, care, and maintenance of the product. Plaintiff and/or other persons or entities may have nevertheless, and with full knowledge of the consequences and dangerousness of such use, misused, abused, altered, and/or improperly maintained, and/or used the product by not properly and safely caring for, using, and maintaining the product, and such abuse proximately caused Plaintiff's damages.

### FIFTEENTH DEFENSE

The product which is the subject of this lawsuit may have contained specific warnings regarding the consequences of its use which admonished the user not to use the product except pursuant to, and in strict conformance with, the instructions for its use. Amazon is informed and believes and thereon alleges that Plaintiffs and/or other persons or entities, with complete disregard for said warnings, and with knowledge of said warnings and with complete appreciation of the consequences and dangerousness of using the product contrary to said warnings, nevertheless used said product in disregard of the warnings and thereby proximately caused Plaintiff's damages.

### SIXTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by Plaintiff's express or implied assumption of risk of injury and/or damage.

4932-3216-2461v.6

## SEVENTEENTH DEFENSE

Some of Plaintiff's claims may be preempted and barred by the Communications Decency Act, 47 U.S.C. § 230.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the dangers, or potentiality of dangers, concerning the product at issue, were open and obvious and/or generally known and recognized.

## NINETEENTH DEFENSE

Plaintiffs' claims may be barred because Plaintiffs have failed to join all necessary and/or indispensable parties for a full and just adjudication of the claims asserted.

## TWENTIETH DEFENSE

Amazon specifically disclaimed any express or implied warranties, as is permitted by applicable law.

## TWENTY-FIRST DEFENSE

If the product at issue was defective and/or dangerous, which is denied, Amazon did not know and had no reason to know that was the case.

## TWENTY-SECOND DEFENSE

All or part of the injuries, damages, and/or losses Plaintiffs sustained, if any, may have been a direct and proximate cause of a pre-existing condition that Plaintiff incurred prior to the events alleged in the Complaint.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if he were allowed to recover any part of the damages alleged.

## TWENTY-FOURTH DEFENSE

The product at issue suffered no manufacturing or design defect and was accompanied by adequate warnings.

## TWENTY-FIFTH DEFENSE

Any foreseeable and unreasonable risk of personal injury that is the subject of this litigation was a risk which Amazon did not create and/or could not reduce or eliminate.

## TWENTY-SIXTH DEFENSE

Plaintiff and/or his agent(s) may have failed to preserve and/or permitted and/or intentionally caused the spoliation of material evidence. Such conduct would bar Plaintiff's action and/or give rise to liability for damages payable to Amazon.

## TWENTY-SEVENTH DEFENSE

The injury, damage, or loss that Plaintiff sustained, if any, was caused and/or contributed to by the actions or inactions of persons or entities other than Amazon, over whom Amazon exercised no control including, but not limited to Plaintiff. Parties other than Amazon, including Plaintiff, may have misused, abused, altered, and/or improperly maintained, and/or used the product in a manner other than it was intended to be used, and disregarded the warnings, instructions, and directions for the product's use.

## RESERVATION OF RIGHTS

To the extent not incorporated above, Amazon raises all affirmative defenses applicable under Texas law, as referenced in Plaintiff's Complaint. Amazon reserves the right to assert any additional defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

4932-3216-2461v.6

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, Amazon demands the following relief:

A.      Dismissal of Plaintiff's claims with prejudice;

B.      Entry of judgment in favor of Amazon;

C.      That Amazon recover its costs and attorneys' fees in defending against Plaintiff's claims pursuant to any applicable law; and,

D.      Award Amazon such other and further relief as the Court may deem just and appropriate.

Dated: April 3, 2026                                   Respectfully submitted,

 

 

Clifford L. Harrison
State Bar No. 09113800
S.D. Tex. Bar No. 24097524
J. Mark Deaton
Texas Bar No. 24069588
S.D. Tex. Bar No. 1094927
MUNSCH HARDT KOPF & HARR PC
Pennzoil Place
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone:    713.222.1470
Facsimile:    713.222.1475
charrison@munsch.com
mdeaton@munsch.com

ATTORNEY FOR DEFENDANTS
AMAZON.COM SERVICES, LLC AND
AMAZON.COM, INC.

4932-3216-2461v.6

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served upon all counsel of record via email pursuant to the Federal Rules of Civil Procedure on April 3, 2026.

_____
Clifford L. Harrison

4932-3216-2461v.6